IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-376(1) |
| | § | C.A. No. C-05-214 |
| MANUEL CORDOVA-SANCHEZ, | § | |
| | § | |
|    Defendant/Movant. | § | |

**ORDER SETTING EVIDENTIARY HEARING**

Pending before the Court is Manuel Cordova-Sanchez's ("Cordova") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 35).[1] Also before the Court is the government's response, which includes a motion to dismiss. (D.E. 39, 40).

For the reasons set forth below, the Court withholds ruling at this time on the second of the two grounds for relief in Cordova's motion. As to the first ground, i.e., that he was denied effective assistance of counsel based on his counsel's alleged failure to file a notice of appeal, the Court orders an evidentiary hearing. If, at the conclusion of the hearing, the Court denies Cordova's motion on that issue, it will then address his remaining ground.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, CR. No. C-03-376.

1

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2003, Cordova was charged in a single-count indictment with being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 1).  Cordova entered a plea of not guilty and a jury trial was held before United States District Judge Warren W. Eginton on February 5 and 6, 2004.  (D.E. 10-23).  The jury returned a guilty verdict on February 6, 2004. (D.E. 23).

Pursuant to Judge Eginton's order, the probation department prepared a Presentence Investigation Report ("PSR").  (D.E. 25, 29).  On April 26, 2004, the Court sentenced Cordova to 30 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $1000 fine and $100 special assessment. (D.E. 31, 32).

Cordova's retained counsel at trial and at sentencing, Bill May, filed a timely notice of appeal on Cordova's behalf.  (D.E. 33).  Although the filing fee was paid, the transcripts needed to prosecute the appeal were never ordered, nor did Cordova file a motion to proceed on appeal *in forma pauperis*.  Additionally, Bill May never moved to withdraw. On June 22, 2004, the Fifth Circuit dismissed his appeal for failure to timely make arrangements with the court reporter to order the transcripts. (D.E. 34).

Cordova filed the instant § 2255 motion on April 28, 2005.  (D.E. 35).  It is timely.

## III.  ANALYSIS

In Cordova's first ground for relief, he claims that he asked his retained counsel to file an appeal on his behalf, and that his counsel failed to prosecute the appeal.  The government provides an affidavit from Cordova's counsel directly contradicting that assertion.  In his affidavit, Bill May avers as follows:

> . . . I discussed whether an appeal should be pursued with the defendant.  It was my opinion that there were no grounds for an appeal.  The defendant advised me that he would think about my advice.  I gave notice of appeal in order to preserve his appellate rights.  I notified him that in order to pursue the appeal that he would need to purchase his transcripts and provide the filing fees, and I would represent him pro bono on the appeal. [The Defendant] never purchased the transcript nor did he provide any monetary sum in order to satisfy the filing fee requirements.

(D.E. 40, Bill May Aff. at 1).  The government acknowledges that an evidentiary hearing is required to resolve this issue, because it turns on the credibility of the parties.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035 (2000).  "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  Id., at 484, 120 S. Ct. at 1039.  Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied.

3

Rodriguez v. United States, 395 U.S. 327, 330, 89 S. Ct. 1715, 1717 (1969). Applying these standards to the instant case, the Court concludes that Cordova is entitled to an evidentiary hearing to determine whether he told his attorney to prosecute the appeal or not. The Court simply is unable to determine on the current record that Cordova is not entitled to relief. Accordingly, an evidentiary hearing will be held to resolve this sole issue. See Rules Governing Section 2255 Proceedings 8.

As to the other grounds for relief raised in Cordova's motion, it is unnecessary for the Court to address them at this time. If the Court rules in Cordova's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Cordova's remaining claims until after the resolution of his direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion). If, at the conclusion of the hearing, the Court denies Cordova's ineffective assistance claim concerning the failure to appeal, it will then address Cordova's remaining ground for relief.

## IV.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether Cordova was denied effective assistance of counsel due to his counsel's alleged failure to appeal.  Cordova is entitled to be represented by counsel at the hearing.  See Rules Governing Section 2255 Motions 8(c).  Accordingly, the Court appoints Rene Flores of the Office of the Federal Public Defender, to represent Cordova him at the evidentiary hearing.  The Clerk is thus directed to forward a copy of this order to Mr. Flores.

An evidentiary hearing is set for February 16, 2006 at 1:30 p.m.

It is so ORDERED this 1st day of February, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE