IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-376(1) |
| | § | C.A. No. C-05-214 |
| MANUEL CORDOVA-SANCHEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Manuel Cordova-Sanchez ("Cordova" or "Defendant") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 35),[1] which was received by the Clerk on April 28, 2005. The Court ordered the government to respond (D.E. 37), and, on August 1, 2005, the government filed a response and also moved for dismissal of the motion. (D.E. 40, 41). Cordova did not file a reply.

For the reasons discussed in detail herein, the Court GRANTS the government's motion to dismiss and DENIES Cordova's § 2255 motion. The Court also DENIES Cordova a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Dockets entries refer to the criminal case, C-03-cr-376.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2003, Cordova was charged in a single-count indictment with being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 1). Cordova entered a plea of not guilty and a jury trial was held before United States District Judge Warren W. Eginton on February 5 and 6, 2004. (D.E. 10-23). The jury returned a guilty verdict on February 6, 2004. (D.E. 23).

Pursuant to Judge Eginton's order, the probation department prepared a Presentence Investigation Report ("PSR"). (D.E. 25, 29). On April 26, 2004, the Court sentenced Cordova to 30 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $1000 fine and $100 special assessment. (D.E. 31, 32).

Cordova's retained counsel at trial and at sentencing, Bill May, filed a timely notice of appeal on Cordova's behalf. (D.E. 33). Although the filing fee was paid, the transcripts needed to prosecute the appeal were never ordered, nor did Cordova file a motion to proceed on appeal *in forma pauperis*. On June 22, 2004, the Fifth Circuit dismissed his appeal for failure to timely make arrangements with the court reporter to order the transcripts. (D.E. 34).

Cordova filed the instant § 2255 motion on April 28, 2005. (D.E. 35). It is timely. On February 1, 2006, the Court ordered that an evidentiary hearing be held in order to

address Cordova's claim that his attorney failed to appeal. (D.E. 42). The Court appointed counsel to represent Cordova at the hearing. (Id.).

Several weeks before the hearing was held, Cordova was released from the custody of the Bureau of Prisons, and apparently was deported back to Mexico. At the evidentiary hearing held February 16, 2006, his appointed attorney noted that he had been unable to contact Cordova, either through the last address the U.S. Marshals had for him, or at the contact number for his mother in Mexico. Additionally, Cordova has failed to keep the Court appraised of his address. Thus, Cordova was not present at the hearing.

Despite his absence, both Cordova's appointed counsel and the government stated that they did not object to the court taking evidentiary testimony from Cordova's trial counsel, Bill May, which is discussed in detail in Section IV.D. infra. The Court further ordered that the record for the hearing would be kept open for thirty days, in order to allow appointed counsel to try to reach Cordova, and that the Court would accept additional evidence during that time. To date, neither Cordova nor his appointed counsel have filed anything with the Court, nor has the Court received any indication that there is additional evidence to be entered into the record. Accordingly, the Court considers the evidentiary hearing completed, and will decide this case on the record before it.

### III. MOVANT'S ALLEGATIONS

Cordova lists two grounds for relief. First, he claims that he was denied his right to appeal because his attorney failed to file and prosecute an appeal on his behalf. Without

3

any supporting factual allegations, he claims: "I feel Mr. May made a [sic] agreement with the government not to file an appeal for me." Second, he claims that his right to due process was violated because he was convicted of a crime that, according to him, carried a maximum sentence of 24 months, but that his sentence was enhanced based on the Court's finding that he had previously been convicted on an aggravated felony. As discussed in detail herein, he is not entitled to relief on either of his claims.

## IV.  DISCUSSION

### A.  Failure to Prosecute

The local rules of the Southern District of Texas provide in part that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4. Despite this requirement, Cordova was released from prison and deported to Mexico and has not contacted the Clerk's office or the District Court since being released. His failure to advise the Clerk of any address changes suggests that he has lost interest in pursuing the claims asserted in his petition. See Childers v. Bowles, 2002 WL 1489501, *1 (N.D. Tex. July 9, 2002). His failure to prosecute constitutes a sufficient ground for dismissal of this case. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of their correct address); Day v. Cockrell, 2002 WL 31757777, *1 (N.D. Tex. Nov. 21, 2002) (dismissing § 2254 habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable). Cf.

McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has inherent authority to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order).

Although Cordova's motion could be dismissed simply for his failure to prosecute it, the Court will instead address his claims on their merits. For the reasons described in the remainder of this order, Cordova's motion is DENIED.

**B.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**C.    Procedural Bar**

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United States v. Lopez,

248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).  A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Cordova's first claim is a claim of ineffective assistance of counsel.  Such a claim is properly made for the first time in a § 2255 motion because it raises an issue of constitutional magnitude and generally cannot be raised on direct appeal.  United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).  Thus, it will be necessary to address the merits of his ineffective assistance claim, which the Court does herein.

As to his second claim, i.e., that the Court erred in finding that his prior felony was an aggravated felony and sentencing him accordingly, it is a claim should have been raised on direct appeal.  Because he did not prosecute his appeal, the issue was never raised.  His failure to raise this ground on appeal precludes this Court's consideration of the claim as part of his § 2255 motion, unless Cordova can demonstrate either "cause and prejudice" or "actual innocence."  Bousley, 523 U.S. at 622; Jones, 172 F.3d at 384.  His claim that his counsel failed to appeal and was ineffective on appeal would satisfy the cause and prejudice standard.  United States v. Patten, 40 F.3d 774 (5th Cir. 1994) (claim that appellate counsel was ineffective for failing to raise a constitutional issue on direct appeal

6

satisfies the cause and prejudice standard). Thus, the Court considers the merits of his claim concerning his plea, rather than dismissing it based on the procedural bar.

**D.    Ineffective Assistance of Counsel**

Cordova's first claim is that he was denied effective assistance of counsel because his counsel failed to pursue an appeal on his behalf. This claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Cordova claims that he wanted to appeal his sentence and conviction, that his family had contacted Mr. May to file an appeal on his behalf, and that his family paid Mr. May for

his appeal. (D.E. 35 at 5). He also states that he "feel[s]" Mr. May made a agreement with the government not to file [an] appeal." (D.E. 35 at 6).

The government provides an affidavit from Mr. May directly contradicting that assertion. In pertinent part, that affidavit states:

> . . . I discussed whether an appeal should be pursued with the defendant. It was my opinion that there were no grounds for an appeal. The defendant advised me that he would think about my advice. I gave notice of appeal in order to preserve his appellate rights. I notified him that in order to pursue the appeal that he would need to purchase his transcripts and provide the filing fees, and I would represent him pro bono on the appeal. [The Defendant] never purchased the transcript nor did he provide any monetary sum in order to satisfy the filing fee requirements.

(D.E. 40, Bill May Aff. at 1).

Additionally, Mr. May elaborated on this testimony during his live testimony at the evidentiary hearing. Specifically, Mr. May explained that he had discussed with Cordova that he had a right to appeal and that he had discussed with him whether he wanted to appeal, but had informed Cordova that he did not believe there were any grounds for appeal. Within days after the sentencing, Cordova told Mr. May he was thinking about whether to appeal, and that he had not made a decision.

In the weeks that followed, Mr. May had several conversations with Cordova's wife. In particular, he let her know about the fees for the appeal, and offered to do the appeal *pro bono* if Cordova or his family paid the filing fee and paid for the transcripts. Mr. May

8

testified that, although he did not believe Cordova was indigent and his wife did not state that they were indigent, neither Cordova nor his wife ever gave Mr. May any money. The wife never told him she didn't have the money, but he believed that she simply did not want to spend money on an appeal. Mr. May further explained to Cordova's wife that she could file an affidavit of indigency in which she truthfully disclosed assets, but she seemed reluctant to file anything with the Court. Mrs. Cordova subsequently stopped returning his calls, and Mr. May interpreted the refusal to take or return his calls as further evidence that Cordova did not want to appeal.

Mr. May also testified unequivocally that neither Cordova nor his wife ever conveyed to him that Cordova wanted to appeal, and that neither ever explicitly instructed him to pursue an appeal. Mr. May testified that he filed the notice of appeal and paid the filing fee himself simply to preserve Cordova's right to appeal, in the event that Cordova later decided he wanted to appeal.

When evaluating an ineffective assistance claim based upon counsel's alleged failure to file an appeal, this Court is guided by Roe v. Flores-Ortega, 528 U.S. 470 (2000). That case explains that where a defendant asks that an appeal be filed, and the attorney does not file one, the attorney's conduct is deficient.

Based on the record before it, the Court concludes that Mr. May's testimony is credible. Notably, it is the Defendant's burden to persuade the Court that he more likely than not requested that Mr. May prosecute his appeal. See United States v. Chavez, 193

9

F.3d 375, 378 (5th Cir. 1999) (a § 2255 movant has the burden of proof to show that his counsel was ineffective). The Court finds that Cordova has failed to meet that burden.

Mr. May's decision not to continue to prosecute the appeal was based on the fact that he never received confirmation, from either Cordova or anyone in his family, that Cordova wanted to appeal. Accordingly, Mr. May's failure to pursue the appeal was not per se deficient. See Flores-Ortega, 528 U.S. at 478.

The Court turns next, then, to the issue of whether Mr. May **consulted** with Cordova about an appeal. As explained by the Supreme Court in Flores-Ortega:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . . If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

528 U.S. at 478. Nowhere does Cordova state that Mr. May failed to consult with him regarding his appellate rights. Mr. May clearly and credibly testified that he did, in fact, consult with Cordova. Accordingly, the Court concludes that Cordova has not shown that Mr. May was deficient.

In short, Cordova was not denied effective assistance of counsel as a result of Mr. May's failure to continue his appeal, and his § 2255 claim on this ground is DENIED.

**E.      Violation of Rights of Due Process**

Cordova's second claim also fails. He argues that his sentence violated his right to due process because the Court enhanced his offense level by eight levels pursuant to U.S.S.G. § 2L1.2 (b)(1)(C). (Presentence Investigation Report ("PSR") at ¶ 12). That provision provides for an increase to the offense level if a defendant had previously been deported after a criminal conviction, and the conviction was for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(C).

To the extent his claim is alleging that this Court misapplied the Sentencing Guidelines, it is not a cognizable claim here. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Moreover, Cordova has not shown that this Court erred in enhancing his sentence based on his prior conviction for an aggravated felony. In particular, he does not argue that he was not convicted of the prior offense, but only that it was not an aggravated felony. He does not offer any argument or explanation as to why the earlier conviction should not have been considered an aggravated felony; moreover, his contention is without merit.

Cordova had previously been deported after a conviction for aiding and abetting money laundering, for which he was sentenced to thirty-six months in custody. (PSR at ¶ 22). An "aggravated felony" resulting in the eight-level increase is defined in the guideline commentary by reference to 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, appl. note 3(A) ("'aggravated felony' has the meaning given that term in section 101(a)(43) of the

Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction for the aggravated felony"). In pertinent part, 8 U.S.C. § 1101(a)(43) defines an aggravated felony as

> an offense described in section 1956 of Title 18 (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000;

8 U.S.C. § 1101(a)(43)(D).

Cordova's prior offense falls squarely within this definition. He was convicted of aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2.[2] (See generally docket sheet in C-94-218(8)). The PSR adopted by the Court in the instant case specifically noted that Cordova was held responsible in the earlier case for participating in the laundering of $177,600. Thus, his prior offense was clearly an aggravated felony as that term was defined in the guidelines, and the Court properly enhanced his sentence based on this prior felony.

For all of these reasons, his second claim fails, as well.

### F.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas

---

[2] The offense involved a large drug distribution and money laundering organization that lasted for three years. Cordova's role involved carrying money and distributing marijuana. Additionally, during the course of the offense, he helped burn the house of one of the organization's leaders to perpetuate insurance fraud. (PSR at ¶ 22).

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Cordova has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Cordova's

13

§ 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  <u>Miller-El</u>, 123 S. Ct. at 1034 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, Cordova is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the aforementioned reasons, Cordova's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 35) is DENIED.  Additionally, Cordova is DENIED a Certificate of Appealability.

It is so ORDERED this 28th day of March, 2006.

                                                  HAYDEN HEAD
                                                  CHIEF JUDGE